ROLLAND A. NEVE and ELAINE P. NEVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neve v. Commissioner
Docket No. 13502-79.
United States Tax Court
T.C. Memo 1981-39; 1981 Tax Ct. Memo LEXIS 708; 41 T.C.M. (CCH) 798; T.C.M. (RIA) 81039; January 29, 1981. Taylor W. O'Hearn, for the petitioners. A. Albert Ajubita, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a $ 12,898.00 deficiency in petitioners' 1975 Federal income taxes. The issues presented are (1) whether petitioners are taxable on income purportedly assigned to a so-called family equity trust, and (2) whether respondent is estopped from asserting the deficiency by a "no-change" letter sent to the trust. All of the facts have been stipulated and are found accordingly. At the time they filed the petition in this case petitioners Rolland A. *709 Neve ("Rolland") and Elaine P. Neve ("Elaine"), husband and wife, resided in Metairie, La.
Rolland was a salesman during 1975, the year in issue. His commissions for that year totaled $ 50,558.82--$ 23,388.92 of which were paid to the "R.A. Neve Family Trust." On March 17, 1975, Rolland and Elaine executed a "Declaration of Trust of this Pure Trust" which purported to establish for a term of 25 years "The Rolland A. Neve Family Equity Trust" ("the Trust"). This document provided in relevant part: Trustees' Declaration of Purposeof this Express Equity Pure Trust
THE DECLARED PURPOSE OF THE TRUSTEES OF THIS TRUST shall be to accept rights, title and interest in and to real and personal properties, whether tangible or intangible, conveyed by THE CREATOR HEREOF AND GRANTOR HERETO to be the corpus of THIS TRUST. Included therein is the exclusive use of his lifetime services and ALL of his EARNED REMUNERATION ACCRUING THEREFROM, from any current source whatsoever, so that Rolland A. Neve can maximize his lifetime efforts through the utilization of his Constitutional Rights; for the protection of his family in the pursuit of his happiness through his desire to promote *710 the general welfare, all of which Rolland A. Neve feels he will achieve because they are sustained by his RELIGIOUS BELIEFS. Powers of Trustees
Trustees may do anything any individual may legally do in any state or country, subject to the restrictions herein noted. They shall continue in business, conserve the property, commercialize the resources, extend any established line of business in industry or investment, as herein specially noted, at their discretion for the benefit of THIS TRUST, such as, viz: buy, sell or lease land for the surface or mineral rights; buy or sell mortgages, securities, bonds, notes, leases of all kinds, contracts or credits of any form, patents, trademarks, or copyrights; buy, sell or conduct mail-order business, or branches thereof; operate stores, shops, factories, warehouses or other trading establishment or places of business of any kind; construct, buy, sell, lease or rent suitable buildings or other places of business; advertise different articles or business projects; borrow money for any business project, pledging The Trust property for the payment thereof; hypothecate assets, property, or both, of The Trust in business projects; own stock *711 in, or entire charters of corporations, or other such properties, companies, or associations as they may deem advantageous. A Minute of Resolutions of The Board of Trustees authorizing what it is they determine to do or have done shall be evidence that such an act is within their power. Anyone lending or paying money to The Trustees shall not be obliged to see the application thereof; shall funds paid into the treasury are and become a part of the CORPUS of THIS TRUST. On the day the Trust was created, Rolland was named the grantor-creator and Elaine and Geoffrey K. Fernon were named trustees. Thereafter Elaine and Rolland were the trustees. Elaine and Rolland each executed documents purporting to convey to the Trust "the exclusive use of my lifetime services and all currently earned renumeration accruing therefrom." On March 25, 1975, petitioners executed "This Declaration of Trust" by which they purportedly conveyed certain "Units of Beneficial Interest" in the Trust to "The Even ["Neve" spelled backwards] Religious and Educational Fund" (the "Fund"). There are no documents in the record either establishing the Fund or describing its purpose, operations, management, or *712 beneficiaries. "This Declaration of Trust" states the Fund was created by Rolland and Elaine "for the express purpose of providing to themselves the ways and means to FREELY EXERCISE THEIR RELIGIOUS OBLIGATIONS * * *," but the document is otherwise completely opaque. Petitioners did not execute any contracts of sale, deeds, or documents other than those described above transferring ownership of any movable or immovable property to the Trust. Petitioners filed a fiduciary income tax return, Form 1041, for the Trust for the last nine months of 1975. The Trust return reported $ 34,381 of income, mostly commissions earned by Rolland, and $ 29,019 of deductions. Petitioners reported $ 2,581, or about half the Trust's taxable income, as a distribution on their own joint return for 1975, and the remaining income was reported by the Trust as having been evenly distributed to petitioners' three children, the Fund, and the Trust. But despite the schedule K-1 showing the Trust received $ 517 3f its own taxable income as a beneficiary, the Trust reported a taxable income of zero and paid no taxes. On August 17, 1979, the New Orleans District Director sent the Trust a "no-change" letter *713 for 1975. [1]
In his statutory notice, respondent, determined the Trust should be disregarded for tax purposes. Accordingly, respondent increased petitioners' taxable income by the amounts reported by the Trust and decreased their income to the extent petitioners reported a distributin from the Trust. Respondent also determined such income was taxable to petitioners in any case under sections 671 and 674. [2]
The issues presented are whether petitioners are taxable on the income they purportedly assigned to the Trust, and whether respondent is estopped in this case by the "no-change" letter sent to the Trust. The principal issue is whether the so-called "pure trust" executed by petitioners can be given any effect for tax purposes. This "pure trust" was executed on a copyrighted form distributed by Educational *714 Scientific Publishers. In an ever-lengthening line of cases, we have repeatedly held these "pure trusts" have absolutely no tax effect whatsoever. [3] For the reasons stated therein we continue to so hold. Petitioners argue that in this case, however, respondent should be estopped from asserting the deficiency by virtue of the "no-change" letter issued to the Trust with respect to its 1975 returns. We disagree. The Trust paid no taxes which means there has been no reliance by petitioners which would support an estoppel. Moreover, it is well settled the Commissioner is not bound by his actions or inactions with respect to another taxpayer. . In accordance with the foregoing, Decision will be entered for respondent. Footnotes
1. This letter stated: "Dear Taxpayer: You will be pleased to know that our examination of your tax returns for the above periods shows no change is required in the tax reported. Your returns are accepted as filed. Thank you for your cooperation."↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
3. See ; ; ; and the cases cited therein.↩